[Cite as *State v. Penix*, 2026-Ohio-3096.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case Nos.  25CA26 |
| | | 25CA27 |
| Plaintiff-Appellee, | : | |
| | | DECISION AND |
| | : | JUDGMENT ENTRY |
| v. | | |
| | : | |
| Jonathan D. Penix, | | **RELEASED 8/06/2026** |
| | : | |
| Defendant-Appellant. | | |

_____
APPEARANCES:

Christopher Bazeley, Esq., Cincinnati, Ohio, for appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Andrea M. Kratzenberg, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for appellee.
_____
Hess, J.

{¶1}  Jonathan D. Penix appeals from a judgment of the Lawrence County Common Pleas Court convicting him, following a jury trial, of possession and aggravated possession of drugs and trafficking and aggravated trafficking in drugs, as well as a forfeiture offense. Penix presents three assignments of error asserting that (1) his convictions are not supported by legally sufficient evidence or the weight of the evidence, (2) that the trial court erred when it ordered him to serve consecutive sentences, and (3) the forfeiture statute is unconstitutional and his forfeiture conviction should be vacated. For the following reasons, we overrule the assignments of error and affirm the trial court's judgment.

## I.  FACTS AND PROCEDURAL HISTORY

{¶2}   In January 2024, Penix was indicted on one count of aggravated possession of drugs in violation of R.C. 2925.11(A)(2) and (C)(11)(c), a second-degree felony; one count of possession of fentanyl in violation of R.C. 2925.11(A) and (C)(11)(c), a third-degree felony; one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(a), a fifth-degree felony; one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(d), a second-degree felony; one count of aggravated trafficking in fentanyl in violation of R.C. 2925.03(A)(2) and (C)(9)(d), a third-degree felony; one count of trafficking in cocaine in violation of R.C. 2925.03(A)(2) and (C)(4)(a), a fifth-degree felony; and one count of receiving proceeds of an offense subject to forfeiture in violation of R.C. 2927.21(B), a first-degree misdemeanor with a specification that Penix was the owner of the property derived from proceeds obtained from the commission of a felony drug offense, to wit $883.00 in cash. The charges arose from a traffic stop of Penix and a search of the vehicle he was driving. Penix pleaded not guilty. In December 2024, Penix was fitted with a GPS monitoring device and required to complete mental health and recovery services, but he left the facility, destroyed the monitoring device, and failed to appear for a December 2024 pretrial.

{¶3}   As a result, Penix was indicted in December 2024 with one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony, one count of vandalism in violation of R.C. 2909.05(B)(2), a fifth-degree felony, and one count of failure to appear in violation of R.C. 2937.99(A) and (B), a fourth-degree felony.

**{¶4}** The two cases were consolidated for trial. On the second day of trial Penix pleaded guilty to the tampering, vandalism, and failure to appear offenses. Those convictions are not at issue in this appeal.

**{¶5}** The drug possession and trafficking offenses and the forfeiture offense went forward in a two-day jury trial. The jury found Penix guilty on all counts. The trial court merged the three drug possession offenses into the three drug trafficking offenses and sentenced Penix on the drug trafficking offenses. The trial court sentenced Penix to 7 to 10.5 years on the aggravated trafficking count (count 4), 30 months on aggravated trafficking in fentanyl (count 5), 12 months on trafficking in cocaine (count 6) and 180 days in jail on the forfeiture offense (count 7) and ordered that the $883.00 cash seized be forfeited. The sentences were ordered to run consecutively for a total sentence of 10.5 years to 14 years in prison. The 180-day jail time for the forfeiture offense was ordered to run concurrently to those terms. The trial court ordered Penix to serve 30 months in prison for tampering with evidence, 12 months for vandalism, and 12 months for failure to appear to run consecutively for a total prison term of 54 months. The court further ordered that these terms run consecutively to the drug trafficking sentences for a total of 15 to 18.5 years in prison.

**{¶6}** Penix appealed.

## II.  ASSIGNMENTS OF ERROR

**{¶7}** Penix presents three assignments of error:

I.      Penix's convictions for possession and trafficking are not supported by legally sufficient evidence or the weight of the evidence.

II.     The trial court erred when it ordered that Penix serve his sentence in Case No. 24CR005 [the drug possession and trafficking case] consecutively to each other.

III.     R.C. 2927.21 is unconstitutional and, as a result, Penix's conviction and sentence, including the forfeiture, on count seven of the indictment in Case No. 24CR005 must be vacated.

### III.  LAW AND ANALYSIS

#### A. Sufficiency and Manifest Weight of the Evidence

{¶8}     In the first assignment of error, Penix contends that his drug possession and trafficking convictions are not supported by the evidence at trial because it was his passenger, not him, who was in possession of the cocaine, fentanyl, and methamphetamine found during the traffic stop. He argues that the only evidence that the drugs were in his possession came from a law enforcement officer who testified that the drugs were found on the passenger side of the vehicle where his passenger was sitting. Penix also argues that his behavior during the traffic stop was inconsistent with someone who knows that they are in possession of a substantial amount of drugs because he was cooperative and consented to a search of the vehicle. He contends that because he did not have possession of the drugs, the trafficking charges which stem from possession of those same drugs must also be vacated.

#### 1.  Standards of Review

{¶9}     In reviewing the sufficiency of the evidence to support a conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus*, superseded by state constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, fn. 4 (1997), and following *Jackson v. Virginia*, 443 U.S. 307 (1979). "A sufficiency assignment of error challenges the legal

adequacy of the state's prima facie case, not its rational persuasiveness." *State v. Anderson*, 2019-Ohio-395, ¶ 13 (4th Dist.). We will not overturn a conviction based on insufficient evidence "'unless reasonable minds could not reach the conclusion that the trier of fact did.'" *State v. Cook*, 2019-Ohio-4745, ¶ 15 (4th Dist.), quoting *State v. Bradshaw*, 2018-Ohio-1105, ¶ 15 (4th Dist.).

{¶10} In determining whether a conviction is against the manifest weight of the evidence, an appellate court

> must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that reversal of the conviction is necessary. In order to satisfy this test, the state must introduce substantial evidence on all the elements of an offense, so that the [trier of fact] can find guilt beyond a reasonable doubt.
>
> Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. However, we are reminded that generally, it is the role of the [trier of fact] to determine the weight and credibility of evidence.

(Citations omitted.) *Anderson* at ¶ 14-15. "The trier of fact is free to believe all, part, or none of the testimony of any witness, and we defer to the trier of fact on evidentiary weight and credibility issues because it is in the best position to gauge the witnesses' demeanor, gestures, and voice inflections, and to use these observations to weigh their credibility." *State v. Chafin*, 2017-Ohio-7622, ¶ 32 (4th Dist.), citing *State v. Dillard*, 2014-Ohio-4974, ¶ 28 (4th Dist.), citing *State v. West*, 2014-Ohio-1941, ¶ 23 (4th Dist.).

### 2. Analysis

{¶11} Although the jury found Penix guilty of possession and aggravated possession of drugs and trafficking and aggravated trafficking in drugs, the trial court

merged the three possession counts with the three trafficking counts and only sentenced him on the trafficking counts.  As a result, if Penix's conviction on the trafficking counts was supported by sufficient evidence and was not against the manifest weight of the evidence, an erroneous verdict on the merged possession counts would be harmless. *State v. Alexander*, 2022-Ohio-1812, ¶ 38 (4th Dist.), citing *State v. Wickersham*, 2015-Ohio-2756, ¶ 21 (4th Dist.).

{¶12} Penix only challenges the "possession" element of the possession convictions. He incorrectly states that the possession element is also an element of the trafficking convictions, and argues "if this court were to concur with Penix's argument that his Aggravated Possession convictions are based upon legally insufficient evidence or against the weight of the evidence, it must also find that the Trafficking convictions must be vacated for the same reason."

{¶13}  However, "possession" is not a necessary element of drug trafficking. Drug trafficking is prohibited in R.C. 2925.03(A)(2), which states:

> (A) No person shall knowingly do any of the following:
>
> . . .
>
> (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

*See State v. Pimental*, 2005-Ohio-384, ¶ 28 (8th Dist.) ("possession of a controlled substance is not a necessary element of drug trafficking.").

{¶14} In *State v. Stuart*, 2025-Ohio-2420 (6th Dist.), the defendant, like Penix here, challenged the sufficiency of the evidence of his drug trafficking convictions by

arguing that the State failed to present sufficient evidence of his "possession" of the drugs which were found in a container in the vehicle he was driving. The appellate court rejected the entire premise of the argument on the ground that "possession" is not a necessary element of drug trafficking:

> Appellant's argument is premised on the state's alleged failure to show that he had "constructive possession" of the magnetic box while he was driving. Appellant's argument, however, misstates the elements of the drug trafficking offenses on which he was convicted. The plain language of R.C. 2925.03(A)(2) does not require that an offender be in "possession" of the controlled substance at the time they are arrested for trafficking in order to be convicted. *See State v. Pimental*, 2005-Ohio-384, ¶ 28 (8th Dist.) ("possession of a controlled substance is not a necessary element of drug trafficking."). To require the state to show that the offender had possession of the controlled substance would create an absurd result that would allow a drug trafficker to prepare controlled substances for delivery, arrange for their transport, and facilitate their sale, but avoid criminal liability because they were not found in possession of those substances. Therefore, the state was not obligated to present sufficient evidence that appellant had possession—actual or constructive—of the magnetic box, but only whether he knowingly transported the box.

*Id.* at ¶ 23.

**{¶15}** Like the defendant in *Stuart*, Penix misstates the elements of the drug trafficking offenses. Moreover, he does not challenge his drug trafficking convictions on any other ground. Because the trial court merged the drug possession counts into the trafficking counts and sentenced him on the drug trafficking counts, any purported erroneous verdict on the merged possession counts would be harmless. *State v. Alexander,* 2022-Ohio-1812, ¶ 38 (4th Dist.). Therefore, we overrule his first assignment of error.

### B. Consecutive Sentences

**{¶16}** Penix contends the trial court improperly imposed consecutive sentences on each of the drug trafficking offenses. He argues that the trial court's stated justification

for consecutive sentences was that he committed one or more multiple offenses while he was awaiting trial or sentencing. However, only the tampering, vandalism, and failure to appear offenses were committed while he was awaiting trial. Therefore, he argues, the record does not clearly and convincingly support the trial court's sentence in which his drug trafficking sentences were to run consecutively with each other.

{¶17} R.C. 2953.08(A) authorizes a defendant who is convicted of a felony to appeal as a matter of right the sentence imposed on the defendant on various grounds, including that the sentence is "contrary to law." R.C. 2953.08(G)(2) states:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶18} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶19}** Penix contends that the record does not support the sentencing court's "consecutive" findings under R.C. 2929.14(C)(4), which states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶20}** The trial court found that consecutive sentences were necessary:

> to protect the public from future crimes, or to punish the Defendant. These consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public. Further, the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, or was under a sanction imposed pursuant to 2929.16, 2929.17, or 2929.18 of the Revised Code.

**{¶21}** Penix concedes that three of his offenses were committed while he was awaiting trial, but because none of his drug offenses occurred while he was awaiting trial, he could not be required to serve those consecutively to each other under R.C. 2929.14(C)(4)(a). However, Penix provides no legal authority to support his argument that R.C. 1919.14(C)(4)(a) must be given this limited interpretation. That section simply states

that if one or more of the offenses are committed while Penix was awaiting trial then the trial court may require the offender to serve multiple sentences consecutively. It does not limit the consecutive nature of the sentences to only those offenses committed while awaiting trial.

**{¶22}** The same argument Penix makes was considered and rejected by the appellate court in *State v. Long*, 2025-Ohio-1654 (8th Dist.). In *Long*, the defendant had been indicted on multiple counts of gross sexual imposition, rape, and kidnapping, referred to as the "Independence case." While those charges were pending, the defendant committed multiple gross sexual imposition and kidnapping offenses in Shaker Heights, referred to as the "Shaker Heights case." The defendant eventually pleaded guilty and the trial court ran all his sentences in the Independence case consecutive to each other, all the sentences in the Shaker Heights case consecutive to each other, and all the sentences in both cases consecutive to each other. The trial court's basis for the consecutive sentences was R.C. 2929.14(C)(4)(a) – one or more of the offenses were committed while awaiting trial. The defendant argued, like Penix argues here, that only the sentences in the Shaker Heights case qualified as being "committed while awaiting trial" because he was not awaiting trial when he committed the Independence case offenses. Therefore, he argued, the trial court's imposition of consecutive sentences in the Independence case lacked support in the record.

**{¶23}** The *Long* court rejected this argument:

> Here, the trial court found that consecutive sentences were necessary to protect the public from future crime by Long and to punish him, that consecutive sentences were not disproportionate to the seriousness of his conduct and the danger he poses to the public, and that Long committed one or more of the offenses while awaiting trial. Long does not dispute that the trial court made the requisite findings under R.C. 2929.14(C)(4).

Instead, he asserts that the R.C. 2929.14(C)(4)(a) finding — that the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense — was clearly and convincingly unsupported by the record because he committed the offenses in the Independence case prior to the offenses in the Shaker Heights case (and had no other pending criminal cases at that time).

This court has recently rejected a similar argument. In *State v. Banville*, the appellant received consecutive sentences across multiple cases. *State v. Banville*, 2024-Ohio-956 (8th Dist.). The appellant acknowledged that the trial court made the requisite findings but argued that the findings were only relevant to "running the sentence 'within this case' consecutively and that the trial court went on to run the sentence consecutive to two other cases without having made separate findings in that regard" and without giving any additional information about the other cases at the sentencing hearing. *Id*. at ¶ 7. This court rejected the appellant's argument, noting that R.C. 2929.14(C) refers to "convictions of multiple offenses," but does not distinguish between multiple counts in a single case and multiple counts in separate cases. *Id.,* quoting *State v. Alexander,* 2013-Ohio-1987, ¶ 6, fn. 1 (8th Dist.). Further, " '[i]n order to impose any or all of the sentences consecutively, the trial court was required to make findings, not multiple sets of findings dependent on the source of the sentence imposed.' " *Id.* at ¶ 8, quoting *State v. Smith*, 2023-Ohio-3974, ¶ 17 (8th Dist.), citing *State v. Jones*, 2022-Ohio-4485, ¶ 12 (8th Dist.).

Therefore, after careful review, we are unable to conclude that the record clearly and convincingly does not support the trial court's finding under R.C. 2929.14(C)(4)(a).

*State v. Long*, 2025-Ohio-1654, ¶ 14-16 (8th Dist.).

**{¶24}** We agree with the analysis in *Long* and find it persuasive. There is no language in R.C. 2929.14(C)(4) and (C)(4)(a) that limits the imposition of consecutive sentences to only those offenses committed in a specific case while awaiting trial. It allows for the imposition of consecutive sentences of *multiple offenses*, without regard to the case or cases in which those offenses arose. Thus, we do not find that the record clearly and convincingly does not support the trial court's finding under R.C. 2929.14(C)(4)(a). We overrule Penix's second assignment of error.

C. The Constitutionality of R.C. 2927.21

{¶25} For his third assignment of error, Penix contends that R.C. 2927.21 is unconstitutionally vague and prohibits a defendant from asserting a meaningful defense. However, Penix did not raise this constitutional issue at trial and therefore it need not be heard for the first time on appeal.

> Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.

*State v. Awan*, 22 Ohio St.3d 120, syllabus (1986); *State v. Johnson*, 2022-Ohio-2136, ¶ 7 (8th Dist.). And although a defendant who forfeits an argument that a statute or its application is unconstitutional may still argue plain error on appeal, an appellate court will not sua sponte undertake a plain error analysis if defendant fails to do so. *E.g., Akron v. Lewis*, 2008-Ohio-6256 (9th Dist.); *Remley v. Cincinnati Metro. Housing Auth*., 99 Ohio App.3d 573 (1st Dist. 1994). The test for plain error is stringent. A party claiming plain error must show that (1) an error occurred, (2) the error was obvious, and (3) the error affected the outcome of the trial. *See State v. Barnes*, 94 Ohio St.3d 21, 27 (2002); Crim.R. 52(B). The burden of demonstrating plain error is on the party asserting it. *See, e.g., State v. Jester*, 32 Ohio St.3d 147, 150 (1987); *State v. Davis*, 2008-Ohio-2, ¶ 378.

{¶26} Penix argues that the standard of review for the appellate court is de novo, but "it may still review the constitutionality of a statute for plain error." Penix failed to demonstrate plain error occurred. He was not indicted with a violation of R.C. 2927.21(C), but instead was indicted with a violation of R.C. 2927.21(B), which states, "No person shall receive, retain, possess, or dispose of proceeds *knowing or having reasonable cause to believe* that the proceeds were derived from the commission of an offense

subject to forfeiture proceedings." (Emphasis added). He acknowledges that R.C. 2927.21(B) requires that the State prove that he possessed the $833 *knowing or having reasonable cause* to believe they were derived from an offense subject to forfeiture. But he argues that the next section, R.C. 2927.21(C), prevents him from providing the defense that the funds came from a legitimate source. R.C. 2927.21(C) provides, "It is not a defense to a charge of receiving proceeds of an offense subject to forfeiture proceedings in violation of this section that the proceeds were derived by means other than the commission of an offense subject to forfeiture proceedings *if the property was explicitly represented to the accused person as having been derived from the commission of an offense subject to forfeiture proceedings.*" (Emphasis added).

**{¶27}** He argues that the law enforcement officer testified at trial that Penix claimed the $833 came from his girlfriend who had recently cashed a check. But Penix argues that R.C. 2927.21(C) prevented him from putting into evidence the cancelled check or his girlfriend's testimony. Penix acknowledges that his trial counsel did not attempt to put this evidence in the record, but that trial counsel was excused from doing "a void act." However, Penix does not contend that the State alleged that the $833 was explicitly represented to him as having been derived from the commission of an offense subject to forfeiture. Again, Penix was indicted under R.C. 2927.21(B) – not R.C. 2927.21(C). Contrary to Penix's assertion, R.C. 2927.21(C) prohibits the defense that the funds came from a legitimate source *if someone explicitly represented to him* that they were derived from the commission of an offense subject to forfeiture. Nothing in the indictment or the trial proceeding suggests that R.C. 2927.21(C) had any application to Penix's case. And, there is nothing in R.C. 2927.21(B) that prevented Penix from putting

evidence on the record to prove, if it were true, that the monies were from his girlfriend's check. Therefore, the prohibition against a defense that the proceeds were derived from a legitimate source contained in R.C. 2927.21(C) did not apply to him. Penix has failed to show any error occurred, obvious or otherwise. Furthermore, because Penix was not charged under R.C. 2927.21(C), his argument that R.C. 2927.21(C) is unconstitutionally vague similarly has no relevance to his case.

**{¶28}**  We overrule his third assignment of error.

IV.  Conclusion

**{¶29}**  We overrule the assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period set forth in the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
        Michael D. Hess, Judge




**NOTICE TO COUNSEL**

**This document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**